## THE STATE, EX REL. CHARLES J. WILLIAMS, v. THE COMMON COUNCIL OF THE CITY OF RAHWAY.

1. The common council of the city of Rahway, sitting as a board of canvassers under the charter, have power only to canvass or count the number of votes given at elections, as returned from the different wards, and to declare elected the persons appearing to have the highest number of votes, as members of council. It cannot, as such board of canvassers, go into an investigation as to which candidates receive, in point of fact, the highest number of votes.

2. The return of the different wards is not conclusive. The council, as

State v. Common Council of Rahway.

such, is made by the charter, the judge of the election of its own mem_ bers, and when the election is in dispute, it is the duty of council to inquire into the matter, and determine who has been properly elected, and at the instance of any candidate claiming to have been elected, a *mandamus* may issue to compel the council to perform that duty, according to the twenty-second section of the charter.

On application for a *mandamus*.

Argued before the CHIEF JUSTICE, and Justices VREDEN-BURGH, DALRIMPLE, and DEPUE.

For relator, *Theodore Runyon.*

For defendants, *W. J. Magie* and *J. Henry Stone.*

The opinion of the court was delivered by

DALRIMPLE, J. This is a motion for a *mandamus* to compel defendants to admit relator to the office of councilman of the fourth ward of the city of Rahway, to which office he claims to have been elected, at the last annual charter election of said city. By section twelfth of the city charter, (*Laws of* 1865, *p.* 502,) the judges of election in each ward are required to count the votes given for the several candidates, and certify the result in the manner required by law for making a statement of the result of state elections for members of the legislature, which certificate is to be laid before common council, at a meeting to be held on the Monday next succeeding such election; the common council are, at such meeting, to canvass the number of votes given for the respective candidates, and the persons having the highest number of votes are to be declared elected. The result of the election in the fourth ward, as certified by the judges, shows that the relator was elected to the office of councilman of that ward. The certificate was duly laid before the common council. They refused to declare the relator elected, but sent the certificate back to the judges for alteration or correction. This action was taken because there were en-

dorsed on the return, certificates of one of the judges and the clerk, to the effect that the returns were the same as taken from the tally sheet of the clerk, on the night of the election. That tally sheet and the result certified in accordance therewith, were alleged to be incorrect. On the 24th April, the common council declared that there had been no election of councilman in the fourth ward. The allegation of defendants is that a recount of the votes made a day or two subsequent to the election, showed that the relator and the opposing candidate received an equal number of votes. The certificate as originally made, remained, however, in full force. On the 4th day of May, the new council met and organized, but they have neither admitted relator to his seat nor proceeded to investigate the question of his right to the office to which, it appears by the return made by the judges of election, he is elected. It was determined in the case of *The State* v. *The Governor*, 1 *Dutcher* 348, that the board of county canvassers have no authority to depart from the official returns made to them by the judges of election. The principle of that case governs the present. The endorsements of the clerk and one of the inspectors, on the official return, should not have been noticed. They were not a part of, and in no wise affected the official paper. They were of no more legal effect than a parol message or letter of the same purport would have been. All the common council were authorized to do, was to canvass the votes as they appeared on the returns of the judges of election, and declare elected the person appearing to have the highest number of votes. Council sitting as a board of canvassers could institute no investigation as to which candidate received, in point of fact, the highest number of votes. They were simply to canvass (that is, examine or inspect,) the number of votes given for the respective candidates. The only guide in making this canvass was the judges' return. Such canvass has not been made, nor has the relator been admitted to office. Though the judges' return is not conclusive upon the present council, yet it is an official paper, showing upon its face, the relator's

title to the office he claims.  It appearing that the election is in dispute, it is the duty of council to proceed according to the twenty-second section of the charter, and settle the question raised.  By the section last referred to, council is made the judge of the election returns, and qualifications of its own members, and may issue subpœnas, and administer oaths to witnesses.  As yet, no inquiry has been instituted as to the relator's election, though the question has been directly brought before council.  It is the right of relator to have the question of his election settled in the mode pointed out by the charter.  On the trial of that question council will not be bound by the judges' return, though that should be accepted as *prima facie* correct.  The province of council, sitting as a board of canvassers is simply to inspect the judges' return; when sitting as a tribunal to judge of the election of a person claiming to be a member of their own body, they may go behind the judges' return, hear all the evidence applicable to the point in dispute, and determine the fact of the election.  The right of relator is not, therefore, to have a *mandamus* compelling defendants to admit him to office.  A *mandamus* never issues to an inferior tribunal directing what judgment shall be given.  Such is not the office of the writ.  This court is not made the judges of the election of relator.  The legislature has committed the decision of that portion to another jurisdiction.  The relator is entitled to the writ, but not in the precise form he asks for it.  Council having failed to take the proper legal proceeding whereby, alone, the relator's right to the office can be determined, and no legal excuse for such failure having been suggested, a peremptory *mandamus* should issue requiring council to proceed according to the twenty-second section of the charter, and hear and determine the question of relator's election.  Whether such determination will be the subject of review in this court for any errors of law or fact, is a question not now before us, and in respect to which it is not necessary to give any opinion.

The result reached in this case, disposes of the case of

*The State, ex rel. Alfred L. Jewell,* v. *The Common Council of the City of Rahway,* which is an application for a *mandamus* to compel common council to appoint a special election to fill the vacancy which the board of canvassers determined existed in the office of councilman of the fourth ward, by reason of the tie vote. As shown, the canvassers could make no such decision. It does not, therefore, appear that there is any vacancy in the office of councilman of the fourth ward, and the motion for the writ in the last mentioned case must be denied.